IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DAVID EATON,

Petitioner,

v.  Civil Action No. 3:11CV834

HAROLD W. CLARKE,

Respondent.

## MEMORANDUM OPINION

Petitioner David Eaton, a Virginia state inmate proceeding *pro se* and *in forma pauperis*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] ("§ 2254 Petition"). (Docket No. 1.) Respondent filed a Motion to Dismiss (Docket No. 8)[2] and Rule 5 Answer (Docket No. 9). Respondent contends, *inter alia*, that the one-year statute of limitations governing federal habeas petitions bars this action.[3] Eaton has responded. (Docket No. 16.) The

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] Respondent failed to provide Eaton with appropriate *Roseboro* notice upon filing his Motion to Dismiss. *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Subsequently, the Court advised Eaton in accordance with *Roseboro* and Local Rule 7(K). (Docket No. 15.)

[3] Additionally, Respondent argues procedural default as grounds for dismissal of many of Eaton's claims and addresses the remaining claims on the merits. Because the Court finds that the statute of limitations bars this action, the Court need not consider Respondent's alternate arguments.

matter is ripe for adjudication. Jurisdiction exists under 28 U.S.C. §§ 636(c) and 2254. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss. (Docket No. 8.)

## I. Procedural History

### A. Eaton's Circuit Court Proceedings and Direct Appeal

The Commonwealth of Virginia ("the Commonwealth") initially charged Eaton with two counts of taking indecent liberties with a child under the age of eighteen years with whom he maintains a custodial or supervisory relationship as prohibited under Virginia Code § 18.2-370.1.[4] On September 18, 2008, the Circuit Court of the County of Chesterfield, Virginia ("Circuit Court") granted the Commonwealth's motion to amend the indictments, removing the custodial language to reflect an amended charge of two counts of taking indecent liberties with a child under the age of fifteen years in violation of Virginia Code § 18.2-370.[5]

---

[4] Section 18.2-370.1 provides, in relevant part, that:

> Any person 18 years of age or older who, except as provided in § 18.2-370, maintains a custodial or supervisory relationship over a child under the age of 18 and is not legally married to such child and such child is not emancipated who, with lascivious intent, knowingly and intentionally (i) proposes that any such child feel or fondle the sexual or genital parts of such person or that such person feel or handle the sexual or genital parts of the child; or (ii) proposes to such child the performance of an act of sexual intercourse of any act constituting an offense under § 18.2-361; or (iii) exposes his or her sexual or genital parts to such child; or (iv) proposes that any such child expose his or her sexual or genital parts to such person; or (v) proposes to the child that the child engage in sexual intercourse, sodomy or fondling of sexual or genital parts with another person; or (vi) sexually abuses the child as defined in § 18.2-67.10(6), shall be guilty of a Class 6 felony.

Va. Code § 18.2-370.1(A) (2007).

[5] Section 18.2-370 provides, in relevant part, that:

> A. Any person 18 years of age or over, who, with lascivious intent, knowingly and intentionally commits any of the following acts with any child under the age of 15 years is guilty of a Class 5 felony:

2

On December 8, 2008, the Circuit Court convicted Eaton of two counts of taking indecent liberties with a child under the age of fifteen years under Virginia Code § 18.2-370. Trial Order, *Commonwealth v. Eaton*, Nos. CR08F01088-02 through CR08F01088-03 (Va. Cir. Ct. entered Dec. 8, 2008). On January 20, 2009, the Circuit Court sentenced Eaton to twenty years of incarceration, with sixteen years suspended. Sentencing Order, *Commonwealth v. Eaton*, Nos. CR08F01088-02 through CR08F01088-03 (Va. Cir. Ct. entered Jan. 20, 2009). Eaton appealed. On March 25, 2010, the Supreme Court of Virginia ("the Supreme Court") refused Eaton's petition for appeal. *Eaton v. Commonwealth*, No. 092171 (Va. Mar. 25, 2010).

B.  **Eaton's State Habeas Petitions**

1.  **First Habeas Petition**

On June 17, 2010, Eaton filed a petition for a writ of habeas corpus ("First Petition") in the Circuit Court.[6] On November 4, 2010, the Circuit Court dismissed the First Petition, finding

---

> (1) Expose his or her sexual or genital parts to any child to whom such person is not legally married or propose that any such child expose his or her sexual or genital parts to such person; or
> (2) Repealed.
> (3) Propose that any such child feel or fondle the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child; or
> (4) Propose to such child the performance of an act of sexual intercourse or any act constituting an offense under § 18.2-361; or
> (5) Entice, allure, persuade, or invite any such child to enter any vehicle, room, house or other place, for any of the purposes set forth in the preceding subdivisions of this section.

Va. Code § 18.2-370 (2007).

[6] The official postmark indicates Eaton placed the First Petition in the mail on June 17, 2010. Thus, the Court deems it filed on that date pursuant to Supreme Court of Virginia Rule 3A:25. This rule provides that:

> In actions brought under Code § 8.01-654 [the Virginia habeas provision], filed by an inmate confined to an institution, a paper is timely filed if deposited in the institution's internal mail system, with first-class postage prepaid on or before the

3

a portion of the claims procedurally defaulted and dismissing the remaining claims on the merits. *Eaton v. Johnson*, No. CL10HC-2076 (Va. Cir. Ct. Nov. 4, 2010).

On May 9, 2011, the Supreme Court received a petition for appeal from Eaton, challenging the Circuit Court's November 4, 2010 dismissal of his First Petition. On July 19, 2011, the Supreme Court dismissed the petition, finding "that the appeal was not perfected in the manner provided by law because [Eaton] failed to file the notice of appeal and failed to timely file the petition for appeal." *Eaton v. Clarke*, No. 110999 (Va. July 19, 2011) (*citing* Va. Sup. Ct. R. 5:9(a);[7] Va. Sup. Ct. R. 5:17(a)(1)).[8]

### 2. Second Habeas Petition

On January 5, 2011, Eaton filed a second habeas petition ("Second Petition") in the Court of Appeals of Virginia ("Court of Appeals").[9] On March 8, 2011, the Court of Appeals found no exceptional circumstances to warrant exercising original jurisdiction over a habeas petition and

---

> last day for filing. Timely filing of a paper by an inmate confined to an institution may be established by (1) an official stamp of the institution showing that the paper was deposited in the internal mail system on or before the last day of filing, (2) an official postmark dated on or before the last day for filing, or (3) a notarized statement signed by an official of the institution showing that the paper was deposited in the internal mail system on or before the last day for filing.

Va. Sup. Ct. R. 3A:25.

[7] "No appeal shall be allowed unless, within 30 days after the entry of final judgment . . . counsel for the appellant files with the clerk of the trial court a notice of appeal and at the same time mails or delivers a copy of such notice to all opposing counsel." Va. Sup. Ct. R. 5:9(a).

[8] "[I]n every case in which the appellate jurisdiction of [the Supreme Court of Virginia] is invoked, a petition for appeal must be filed with the clerk of this Court . . . in the case of an appeal direct from a trial court, not more than three months after entry of the order appealed from . . . ." Va. Sup. Ct. R. 5:17(a).

[9] The record shows Eaton executed his Second Petition on December 16, 2010, and the Court of Appeals received it on January 7, 2011. The official postmark indicates Eaton placed the petition in the mail on January 5, 2011. Thus, the Court deems it filed on that date pursuant to Supreme Court of Virginia Rule 3A:25.

4

dismissed the Second Petition without prejudice to file a petition for relief in the appropriate court. *Eaton v. Dir. of Dep't of Corr.*, No. 0039-11-2 (Va. Ct. App. March 8, 2011) (*citing White v. Garraghty*, 341 S.E.2d 402, 406 (Va. Ct. App. 1986)).[10]

### 3. Third Habeas Petition

On March 29, 2011, the Court of Appeals received another habeas petition from Eaton ("Third Petition"). On June 3, 2011, the Court of Appeals dismissed the Third Petition on the same grounds as the Second Petition. *Eaton v. Dir. of Va. Dep't of Corr.*, No. 0679-11-2 (Va. Ct. App. June 3, 2011).

### 4. Fourth Habeas Petition

On August 5, 2011, the Supreme Court received an original habeas petition from Eaton ("Fourth Petition"). On November 14, 2011, the Supreme Court dismissed the Fourth Petition as untimely.[11] *Eaton v. Dir. of Dep't of Corr.*, No. 111650 (Va. Nov. 14, 2011) (*citing* Va. Code § 8.01-654(A)(2)).[12]

---

[10] The Court of Appeals "possess[es] discretionary original jurisdiction to issue writs of habeas corpus in proper cases." *White*, 341 S.E.2d at 406. However, "[a]bsent exceptional circumstances," the Court of Appeals will not "consider an original petition for a writ of habeas corpus when an adequate remedy may be had in the circuit courts." *Id.*

[11] Additionally, the Supreme Court found the Fourth Petition to be successive, stating that "no writ shall be granted on the basis of any allegation the facts of which the petitioner had knowledge at the time of filing any previous petition." *Eaton v. Dir. of Dep't of Corr.*, No. 111650 (Va. Nov. 14, 2011) (*citing* Va. Code § 8.01-654(B)(2)).

[12] "A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed . . . within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code. § 8.01-654(A)(2).

### C. Eaton's Federal Habeas Petition

On December 13, 2011,[13] Eaton filed his § 2254 Petition in this Court. (Docket No. 1.) In the § 2254 Petition, Eaton appears to make the following claims for relief:

| | |
|---|---|
| Claim A | The Commonwealth and the Circuit Court violated Eaton's right to due process[14] by arraigning, trying, and convicting him of offenses under Virginia Code § 18.2-370.1, without any warrants, hearings, or indictments. |
| Claim B | Eaton "claims factual innocence to the convictions of Code 18.2-370.1." (§ 2254 Pet. 7.) |
| Claim C | Eaton asserts ineffective assistance of counsel[15] because his trial attorney deficiently failed to challenge Eaton's prosecution on the non-existent felony charges under Virginia Code § 18.2-370.1. |
| Claim D | The Circuit Court violated Eaton's right to due process by sentencing him on offenses for which he had not been tried or convicted. |
| Claim E | Eaton alleges ineffective assistance of counsel because his trial attorney deficiently failed to challenge the substantive allegation set forth in the present Claim D. |
| Claim F | Eaton contends ineffective assistance of counsel because his appellate attorney deficiently failed to address on direct appeal any of the substantive allegations set forth in this § 2254 Petition. |
| Claim G | Eaton alleges ineffective assistance of counsel because his trial attorney failed to call witnesses Eaton identified to counsel. |

---

[13] The Court deems a prisoner's petition filed on the date he delivers the petition to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). Eaton's § 2254 Petition, however, does not qualify for the prisoner mailbox rule. Eaton executed the petition on November 29, 2011, but he did not submit an affidavit verifying the date on which he delivered it to the prison mailing system. Instead, the cover letter and official postmark on the envelope indicate Eaton's sister independently mailed the § 2254 Petition via certified mail to this Court on December 9, 2011. The record shows the Court received the petition on December 13, 2011, so the Court deems it filed on that date.

[14] "No state shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[15] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

Claim H       Eaton's trial and subsequent sentencing violated his double jeopardy rights under the Fifth Amendment.[16]

Claim I        Eaton asserts ineffective assistance of counsel because Eaton's trial attorney deficiently failed to raise a double jeopardy objection.

(§ 2254 Pet. 4–12.)

## II. Analysis

### A. Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners filing a writ of habeas corpus must abide by a one-year limitation period. Specifically, 28 U.S.C. § 2244(d) states:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

   (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment

---

[16] "No person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.

or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Supreme Court of Virginia refused Eaton's petition for appeal on March 25, 2010. Under 28 U.S.C. § 2244(d)(1)(A), Eaton's conviction became final on Wednesday, June 23, 2010, the last date to file a petition for a writ of certiorari in the Supreme Court of the United States. *See* Sup. Ct. R. 13(1);[17] *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so—90 days—has elapsed." (*citing Harris v. Hutchinson*, 209 F.3d 325, 328 n.1 (4th Cir. 2000))). The limitation period, however, did not begin running immediately thereafter because Eaton's First Petition, filed on June 17, 2010, tolled the limitation period. *See* 28 U.S.C. § 2244(d)(2). Nevertheless, as explained below, the limitation period ran 403 days before Eaton filed his § 2254 Petition. Therefore, the statute of limitations ultimately bars the § 2254 Petition unless Eaton demonstrates an entitlement to equitable tolling. Because Eaton fails to demonstrate an entitlement to equitable tolling, the statute of limitations bars the § 2254 Petition.[18]

---

[17] This rule provides, in pertinent part, that:

Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

Sup. Ct. R. 13(1).

[18] Neither Eaton nor the record suggests any basis for a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D).

## B. Statutory Tolling

A person in state custody may toll the running of the limitation period during the time in which a *properly filed* application for state postconviction or collateral relief remains pending in state court. 28 U.S.C. § 2244(d)(2). The Supreme Court of the United States has addressed the meaning of "properly filed," stating that:

> [A]n application is *properly* filed when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (internal quotations omitted). "[J]urisdictional matters and fee payments, both of which often necessitate judicial scrutiny, are 'condition[s] to filing.'" *Pace v. DiGuglielmo*, 544 U.S. 408, 413–14 (2005) (*quoting Artuz*, 531 U.S. at 9) (second alteration in original). A petitioner's failure to satisfy these "'condition[s] to filing,' which go to the application for post-conviction review," preclude a petition from being properly filed within the meaning of the AEDPA. *Satterfield v. Johnson*, 434 F.3d 185, 191–92 (3d Cir. 2006) (*quoting Artuz*, 531 U.S. at 10–11) (noting that the "absence of jurisdiction" constitutes a filing "flaw[]" that prevents statutory tolling).

Under this definitional framework, a petition denied by a state court as untimely fails to qualify as "properly filed" within the meaning of the AEDPA. *Pace*, 544 U.S. at 413–14 ("When a postconviction petition is untimely under state law, that '[is] the end of the matter' for purposes of § 2244(d)(2)." (*quoting Carey v. Saffold*, 536 U.S. 214, 226 (2002)). For the purposes of statutory tolling, an application for state habeas relief remains pending, and thus does not count towards the one-year limitation period, for the period between "a lower court's adverse determination" and the filing of an appeal, "*provided that* the filing of the notice of

appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191–92 (2006) (*citing Carey*, 536 U.S. at 214); *see also Christian v. Baskerville*, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001).

### 1. Eaton's First Petition

Here, only Eaton's First Petition qualifies for statutory tolling. Eaton timely filed his First Petition in the Circuit Court on June 17, 2010, six days before his conviction became final pursuant to 28 U.S.C. § 2244(d)(1)(A). Therefore, the one-year limitation period remained tolled until November 4, 2010, when the Circuit Court dismissed the First Petition. Although Eaton pursued an appeal of that decision, the appeal did not further toll the limitation period because the Supreme Court dismissed it as untimely.[19] *See Pace*, 544 U.S. at 414. Thus, because Eaton did not properly file his appeal to the Supreme Court, the statute of limitations began to run on November 5, 2010. The limitation period ran 403 days until December 13, 2011, when Eaton filed his § 2254 Petition in this Court.[20] Because Eaton fails to demonstrate an entitlement to further statutory tolling or any equitable tolling, the statute of limitations bars the § 2254 Petition.

---

[19] Eaton appears to ask this Court to review "the correctness" of the Supreme Court of Virginia's determination that his petition for appeal was untimely pursuant to Virginia's statute of limitations governing habeas petitions. (§ 2254 Pet. 3 (arguing that the thirty-day time period in which to appeal should run from June 3, 2011, the date on which the Court of Appeals dismissed his Third Petition).) However, "[i]t is beyond the mandate of federal habeas courts . . . to correct the interpretation by state courts of a state's own laws." *Sharpe v. Bell*, 593 F.3d 372, 383 (4th Cir. 2010) (*citing Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008)); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Regardless, Eaton's petition for appeal clearly indicates he challenged the Circuit Court's November 4, 2010 decision rather than any decision by the Court of Appeals of Virginia. Petition for Appeal, at 1–2, *Eaton v. Clarke*, No. 110999, at 1 (Va. received May 9, 2011).

[20] As discussed previously, Eaton's § 2254 Petition does not qualify for the prisoner mailbox rule. *See supra* note 11. Even were the Court to deem his petition filed as of the November 29, 2011 date of execution, it would not be timely.

## 2. Eaton's Second and Third Petitions

Eaton's Second and Third Petitions filed in the Court of Appeals do not qualify for statutory tolling. Eaton acknowledges that he did not pursue the "usual route" for seeking habeas relief by filing an original habeas petition with the Court of Appeals, rather than appealing to the Supreme Court pursuant to Virginia laws governing habeas proceedings. (§ 2254 Pet. 3.) Nevertheless, Eaton contends that he "had a right to ask the Court of Appeals to consider 'exceptional circumstances.'" (§ 2254 Pet. 3 (*citing White*, 341 S.E.2d at 406).) However, "just because a particular application is pending, does not mean that it was properly filed." *Christian*, 232 F. Supp. 2d at 607.

By statute, Virginia specifically vests jurisdiction to entertain writs of habeas corpus in the Supreme Court and Virginia circuit courts. Va. Code. § 8.01-654(A)(1).[21] The Court of Appeals has read the statutes governing state habeas proceedings to also implicitly provide for some original habeas jurisdiction in the Court of Appeals. Virginia case law, however, states that the Court of Appeals will not exercise such jurisdiction absent a showing of "exceptional circumstances . . . when an adequate remedy may be had in the circuits courts under [Virginia] Code § 8.01-654." *White*, 341 S.E.2d at 406. Here, the Court of Appeals found that Eaton failed to demonstrate any exceptional circumstances that would warrant exercising its original habeas jurisdiction over his Second or Third Petition and directed him to seek relief from the appropriate court. As discussed above, *supra* Part II.B, a petition filed in the wrong state court is not

---

[21] "The writ of habeas corpus ad subjiciendum shall be granted forthwith by the Supreme Court or any circuit court, to any person who shall apply for the same by petition, showing by affidavits or other evidence probable cause to believe that he is detained without lawful authority." Va. Code. § 8.01-654(A)(1).

11

"properly filed" and does not toll the statute of limitations. *Artuz*, 531 U.S. at 8. Therefore, Eaton's Second and Third Petitions do not entitle him to any further statutory tolling.[22]

### 3. Eaton's Fourth Petition

Eaton's Fourth Petition filed in the Supreme Court does not qualify for statutory tolling. Because the Supreme Court denied the Fourth Petition as untimely, it does not constitute a "properly filed" petition within the meaning of the AEDPA. *See Pace*, 544 U.S. at 414.

### C. Equitable Tolling

The United States Court of Appeals for the Fourth Circuit has found that equitable tolling of the statute of limitations is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The Supreme Court of the United States has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (*quoting Pace*, 544 U.S. at 418); *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (emphasizing that equitable tolling does "not extend to garden variety claims of excusable neglect"). Additionally, a petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" which demonstrate that he or she fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (*quoting Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To the

---

[22] To the extent Eaton argues that his Second Petition should be construed as a timely notice of appeal of the Circuit Court's decision on his First Petition, his argument fails for two reasons. First, Eaton filed his Second Petition in the Court of Appeals, which does not have appellate jurisdiction for appeals challenging a circuit court's ruling on a habeas petition. Va. Code §§ 8.01-654 and 17.1-310. Second, he filed his Second Petition beyond the thirty-day time period for an appeal, whether deemed filed as of the date of execution or as of the date of mailing. Va. Sup. Ct. R. 5:9(a).

extent that Eaton's § 2254 Petition asserts an entitlement to equitable tolling for his alleged hospitalizations from March 9, 2011 through August 5, 2011, Eaton has filed to demonstrate either element. (§ 2254 Pet. 2.)

First, Eaton fails to show he pursued his rights diligently. Eaton provides no explanation why he did not file his § 2254 Petition until December 13, 2011, over four months after the end of his alleged hospitalization. Furthermore, if Eaton remained uncertain about whether his state habeas petitions filed in the Court of Appeals would qualify for statutory tolling, he should have filed "a 'protective' petition" with this Court to "stay and abey the federal habeas proceedings until state remedies [were] exhausted." *Pace*, 544 U.S. at 416 (*citing Rhines v. Weber*, 544 U.S. 269, 278 (2005) (finding that a showing of diligence may necessitate a filing of a protective petition in certain circumstances)).

Eaton also fails to show extraordinary circumstances which prevented his timely filing. Eaton does not supply any specific facts explaining how the five-month period during which he "was admitted to one of many hospitals" (§ 2254 Pet. 2) inhibited him from filing his § 2254 Petition until December 13, 2011. *See Roberts v. Cockrell*, 319 F.3d 690, 695 (5th Cir. 2003) (finding that the petitioner failed to provide "the necessary details concerning his hospitalizations, such as when and for how long and at what stage of the proceedings they occurred, so as to allow a determination of whether they could have interfered with his ability to file his § 2254 application in a timely manner"). Eaton merely asserts that, due to his hospitalization, he "had to rely on information which in many case [sic] was late or incorrect by the time it found it's [sic] way to him." (§ 2254 Pet. 2.) Eaton, however, succeeded in executing and filing a petition for appeal and his Third and Fourth Petitions in state court during the same period he alleges his hospitalization prevented him from timely filing his § 2254 Petition. *See*

13

*Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (emphasizing that alleged impediment must "altogether prevent[ ] [a petitioner] from presenting his claims in *any* form, to *any* court" to trigger § 2244(d)(1)(B)); *Felder v. Johnson*, 204 F.3d 168, 171 n.9 (5th Cir. 2000) (noting that the petitioner's filing of a habeas petition before the removal of the alleged impediment suggests that the state action did not prevent him from timely filing a petition). These filings refute the assertion that his hospitalization constituted an extraordinary circumstance which hindered his efforts to timely pursue his federal habeas claim. Thus, Eaton has not met his burden of demonstrating an entitlement to equitable tolling.[23]

### III. Conclusion

Because the limitation period ran for 403 days before Eaton filed his § 2254 Petition, the statute of limitations bars the § 2254 Petition. Accordingly, the Respondent's Motion to Dismiss (Docket No. 8) will be GRANTED, Eaton's claims will be DISMISSED, Eaton's § 2254 Petition will be DENIED, and the action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

---

[23] Although Eaton asserts "factual innocence to the convictions of [Virginia Code §] 18.2-370.1," the Court need not determine whether a claim of actual innocence might warrant tolling of the statute of limitations. (§ 2254 Pet. 7.) Eaton's current confinement flows from his convictions and sentence for taking indecent liberties with a child under the age of fifteen years in violation of Virginia Code § 18.2-370. *See supra* Part I.A. Eaton does not claim actual innocence of these convictions.

14

No law or evidence suggests that Eaton is entitled to further consideration in this matter. A COA will therefore be DENIED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 9-21-12

15